IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARDS LIFESCIENCES LLC, et al.,

    Plaintiffs,

v.

COOK INCORPORATED, and W.L. GORE & ASSOCIATES, INC.

    Defendants.

No. C 03-03817 JSW

**ORDER REQUESTING SUPPLEMENTAL BRIEFING**

    The parties ask the Court to construe the terms "prosthesis," as used in the preambles of the '458 Patent and the '158 Patent, and the term "graft," as used in the preamble of the '073 Patent and the '736 Patent. Because the patents-in-suit each are continuations of a parent patent and share a common specification, the Court also must "interpret the claims consistently across all asserted patents." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1293 (Fed. Cir. 2005). In their Joint Claim Construction Statement and Claim Construction Briefs, however, the parties do not ask the Court to construe the terms "graft" and "prosthesis," as those terms are used in the bodies of certain claims, for example dependent claim 22 of the '158 Patent ("wherein the prosthesis ...") and independent claim 10 of the '458 Patent ("a first *graft* comprising...).

    "Whether to treat a preamble as a claim limitation is determined on the facts of each case in light of the claim as a whole and the invention described in the patent." *Storage Technology Corp. v. Cisco Systems, Inc.*, 329 F.3d 823, 831 (Fed. Cir. 2003) (citing *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002)). The Federal

1  Circuit has stated that "a preamble generally limits the claimed invention if it 'recites essential
2  structure or
3  steps, or if it is necessary to give life, meaning, and vitality to the claim." *NTP, Inc.*, 418 F.3d
4  at 1305; *see also Eaton Corp. v. Rockwell Int'l Corp.,* 323 F.3d 1332, 1339 (Fed. Cir. 2003)
5  ("When limitations in the body of the claim rely upon and derive antecedent basis from the
6  preamble, then the preamble may act as a necessary component of the claimed invention.");
7  *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1350 (Fed. Cir. 1998) ("[A] preamble usually
8  does not limit the scope of the claim unless the preamble provides antecedents for ensuring
9  claim terms and limits the claim accordingly.").  If, however, the preamble merely serves as a
10 "convenient label for the invention as a whole," and the body of the claim sets out the complete
11 invention, a preamble will not limit the scope of the claims.  *Storage Technology*, 329 F.3d at
12 831; *Bristol-Meyers Squibb Co. v. Ben Venue Labs, Inc.*, 246 F.3d 1368, 1373-74 (Fed. Cir.
13 2001) (citing *Pitney Bowes, Inc. v. Hewlett-Packard Co.,* 182 F.3d 1298, 1305 (Fed. Cir.
14 1999)).

15       The parties are HEREBY ORDERED to submit supplemental briefs to the Court
16 outlining their positions on why the terms "prosthesis" and "graft," as used in the preambles of
17 the asserted claims must be construed.  Such briefs shall not exceed seven pages and shall be
18 due to the Court by no later than July 9, 2007.

19       **IT IS SO ORDERED.**

20 Dated: June 28, 2007

                                               JEFFREY S. WHITE
                                               UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California