IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARDS LIFESCIENCES, LLC, et al.,

    Plaintiffs,

    v.

COOK INCORPORATED, et al.,

    Defendants.
_____/

No. C 03-03817 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING ON COOK'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, SCHEDULED ON **February 1, 2008** at 9:00 a.m.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties each shall have twenty (20) minutes to address the following questions.

1. What is Mr. Biggs' position at Cook, and where in the record can the Court find that information?

2. With the exception of Plaintiffs' argument on the use of the molding balloons, do Plaintiffs dispute that Cook's devices expand based on release of pressure on the wires, rather than from exerting pressure on the wires?

3. a. Cook's evidence demonstrates that the accused devices use stainless steel wires. The specification of the '458 Patent provides that "[t]he wires are preferably formed of stainless steel or another metal or a plastic which is maleable [*sic*] and is biocompatable." ('458 Patent, col. 3, ll. 8-10.) Why would this not create a disputed issue of fact as to whether Cook's wires are "malleable?"

b. Exhibit D to the Declaration of Tracy Braun in Opposition to Cook's motion is a publication that refers to the White-Yu Endovascular GAD graft, and which states that graft "has a specially made self-expanding stent that is called the graft attachment device." (Braun Decl., Ex. D at 246.) How does Cook respond to that statement?

4. Plaintiffs argue that the plain meaning of the term "malleable," demonstrates that Cook's products infringe. Notwithstanding that definition, page 15:21-16:5 of the Court's Claim Construction Order would appear to give a different meaning to the term "malleable."

a. Recognizing that Plaintiffs disagree with the Court's construction, why does this section not support Cook's argument that the Court intended "malleable" to mean balloon-expandable? (*See, e.g.,* Plaintiffs' Responsive Claim Construction Brief at 15:6-10.)

b. Plaintiffs also argue that the in the phrase "The wires 17 are malleable and may be bent into any desired shape, ie [*sic*] they are not resilient to any substantial extent so that they have to be physically expanded into contact with the aorta rather than expanding by virtue of their own resilience," the term "i.e." should be equated with "and." (Plaintiffs' Opp. at 7:10-19.) The term "i.e.," however, is "[a]n abbreviation for '*id.*

*Est.,*' that is; that is to say." (Blacks Law Dictionary at 746 (6[th] ed. 1990).) Do Plaintiffs have any other basis to argue that the "i.e." clause does not mean "that is [the wires] are not resilient to any substantial extent ... ?"

    c. Although Plaintiffs argue that they could not have disclaimed resilient wires, the Court views the argument at 8:9-10:13 to be arguing against the Court's conclusions in the Claim Construction Order at 15:21-16:5. Plaintiffs did not, however, seek leave to file a motion for reconsideration. Why should the Court consider this argument now?

5. How do Plaintiffs respond to Cook's argument on reply regarding the manner in which the inventors attempted to distinguish the Piplani '295 Patent?

6. Are there any other issues the parties wish to address?

Dated: January 29, 2008

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE