IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COOK INCORPORATED, et al.,<br><br>    Defendants. | No. C 03-03817 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 28, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with the reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court tentatively DENIES the motion for leave to file an amended answer to Plaintiffs' Second Amended Complaint.

The parties each shall have 15 minutes to address the following questions:

1. When did Gore first learn of the facts alleged in paragraphs 48-53 and paragraphs 55-65 of its Amended Counterclaim?

2. What precluded Gore from previously asserting the inequitable conduct defense on information and belief? What "new" facts does Gore rely on in asserting the inequitable conduct defense at this stage in the litigation?

3. Gore notes that the Federal Circuit cautioned litigants with respect to pleading an inequitable conduct defense in *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988). Plaintiffs have used the fact that Gore has not asserted the defense to instruct its witnesses not to answer questions pertaining to the defense. How would Plaintiffs propose Gore obtain the necessary discovery?

4. If the Court granted the motion, what additional discovery is needed and how long would it take to complete?

5. Are there any other issues the parties wish to address with respect to this motion?

**IT IS SO ORDERED.**

Dated: March 26, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE