IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COOK INCORPORATED, and W.L. GORE & ASSOCIATES, INC.,<br><br>　　　　Defendants.<br>_____/ | No. 03-03817 JSW<br><br>**ORDER GRANTING COOK INCORPORATED'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion for Review of the Clerk's Taxation of Costs filed by Defendant Cook Incorporated ("Cook"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court concludes that the matter is suitable for disposition without oral argument. Accordingly, the hearing set for January 23, 2009 is VACATED, and the Court HEREBY GRANTS Cook's motion.

**BACKGROUND**

On March 18, 2008, the Court granted Cook's motion for summary judgment of non-infringement and entered judgment on September 22, 2008, after the Court resolved the motion for summary judgment filed by Cook's co-defendant W.L. Gore & Associates, Inc. On October 1, 2008, Cook submitted its bill of costs and sought $212,582.71 in costs. On October 14, 2008, Plaintiffs filed their objections to Cook's bill of costs. On October 28, 2008, the Clerk taxed costs in the amount of $100,437.37 and excluded $21,285.80 for videotaped depositions and

$90,694.98 in copying costs. Cook asks the Court to reverse the Clerk's decision and to tax these costs.

## ANALYSIS

**A.  Legal Standards.**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**B.  Cook's Motion is Granted.**

**1.  Deposition Costs.**

As noted, the parties' dispute centers on the Clerk's decision to tax costs incurred for videotaped depositions and copying costs. In general, costs of deposition transcripts necessarily obtained for use in the case are allowable as costs under 28 U.S.C. § 1920(2). In addition, pursuant to Northern District Local Rule 54-3(c), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in the case is allowable." The Court concurs with and follows the reasoning of those courts within this district that have allowed the costs of both the video and the written transcript to be recovered. *See, e.g., Fresnius Medical Care Holdings, Inc. v. Baxter, Int'l, Inc.*, 2008 WL 2020533 at * 6 (N.D. Cal. May 8, 2008); *Pixion Inc. v. Placeware Inc.*, 2005 WL 3955889 at *2 (N.D. Cal. May 26, 2005); *MEMC Elec. Materials v. Mitsubishi Materials*, 2004 WL 5361246 at *3-*5 (N.D. Cal. Oct. 22, 2004). Accordingly, Cook's motion is granted in part on this basis.

Although the Court has determined that Cook should be allowed to recover these costs, it is not clear to the Court that Cook is entitled to the full amounts claimed for the following transcripts: (1) $1340.40 for the transcript of Michael Marin's 2/23/2007 deposition; (2) $1616.80 for the transcript of Robert Peterson's 10/9/2007 deposition; (3) $470.00 for the video of Troy Thorton's 12/1/2007 deposition; and (4) $1713.50 for the transcript and $1500.00 for the video of Richard Neifeld's 12/6/2007 deposition. By no later than January 12, 2009, Cook shall submit to the Court a further statement explaining how it calculated the sums it seeks to recover as costs for each of these depositions.

### 2. Copying Costs.

Cook also contends the Clerk erroneously reduced the amount of costs to which it was entitled under Section 1920(4) for copying. Plaintiffs object to certain copying costs on the basis that Cook failed to properly document them. However, Cook has submitted invoices for the copying costs, which detail the number of pages copied and the prices per page. Cook also represents that these costs represent the costs of producing documents to both Plaintiffs and co-defendant Gore.

Gore also contends that the Clerk should have permitted it to recover the costs of copying certain x-rays and slides prepared for use at the *Markman* hearing. Plaintiffs object to these costs on the basis that the x-rays and slides were not necessarily obtained for use at trial. Having considered the parties' arguments on this issue, the Court concludes that Cook has demonstrated that costs for copying these items should be allowed.      Finally, Cook seeks to recover costs associated with converting certain videotapes produced in discovery. Plaintiffs contend that Cook has not justified the cost of converting the videotapes. Plaintiffs do not dispute that the videotapes at issue were responsive to discovery requests. Although Plaintiffs note that they could have been viewed by renting equipment, Plaintiffs also advised Cook that, at its expense, "we will have the tapes converted to a U.S. compatible format." (Cook's Bill of Costs, Ex. E, Tab re Invoice Dated 1/19/07.) Cook apparently chose the latter option, albeit through a vendor of its choosing. Accordingly, the Court concludes that Cook should be allowed to recover these costs as well.

3

1     Taking into consideration the deductions reflected in Cook's reply brief, Cook shall be allowed an additional $136,931.40 in copying costs.

    For the foregoing reasons, Cook's motion is granted. Upon receipt of Cook's supplemental statement regarding the costs of deposition transcripts, the Court shall issue an Order reflecting the total amount Cook shall be allowed in costs.

**IT IS SO ORDERED.**

Dated: December 23, 2008

                                                    JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4